FOWLER *v.* PINE BLUFF SPOKE COMPANY.

Opinion delivered June 20, 1921.

1. APPEAL AND ERROR—QUESTION RAISED.—Where a demurrer was sustained and the cause dismissed as to one defendant, and the cause placed on the calendar as to the other defendant, the only question presented on plaintiff's appeal is whether the court erred in dismissing the cause as to one of the defendants.

2. LOGS AND LOGGING—PRIVITY OF CONTRACT.—A complaint which alleges that plaintiff sold timber to a third person for a per cent. of the price of the manufactured products, and that such vendee sold to defendant all of such manufactured products, and that defendant knew of the agreement between plaintiff and vendee, and made payments to plaintiff on the purchase price, does not show a privity of contract between plaintiff and defendant.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*E. B. Stokes,* for appellant.

The court erred in sustaining the demurrer to the complaint.

Where a vendee acquires personal property under actual notice as to the conditions relating to title and liens, he, the vendee, can only acquire such right, title or interest as the vendor may have.

Where one, with actual or constructive notice or knowledge of the facts, induces, by his words or conduct, another to believe that he acquiesces in a transaction, or that he will offer no opposition thereto, and that other, in reliance on such belief, alters his position, the former is estopped from repudiating the transaction to the other's prejudice.    72 Ark. 494, 82 S. W. Rep. 836; 76 Ark. 282, 88 S. W. 983.

*Rowell & Alexander,* for appellee.

1.    Timber, until it is severed from the soil, is real estate; where the timber was cut into material at the mill, it became personal property, and was disposed of by Jordan, the active manager, and Doctor Fowler is estopped to object, as he can not take advantage of his own voluntarily made partnership agreement.    The property had passed into the hands of innocent purchaser for value.    91 Ark. 218.    Personal property and the title thereto will pass and the sale be completed, if it is the intention of the parties to transfer the title on the one part and to accept same on the other part, even though something remains to be done, as the fixing of the quantity or value of the property or the payment of the purchase money.    91 Ark. 240.

2.    There must be an assent or agreement between parties competent to contract to do, or not to do, certain specified things.    6 R. C. L. 592.    It is not alleged in the complaint that appellee assented or in any way agreed to pay Doctor Fowler twenty-five per cent. of the proceeds, and neither the complaint nor amendment thereto stated a cause of action, and the demurrer was properly sustained.    91 Ark. 240.

The cases in 91 Ark. 218 and *Ib.* 240 are not in point and have no bearing here.

McCulloch, C. J.    Appellant instituted this action in the circuit court of Jefferson County against the Pine Bluff Spoke Company and W. A. Jordan, alleging in his complaint that he was the owner of certain tracts of timber land in Arkansas County; that he entered into an oral contract with defendant, W. A. Jordan, whereby he

sold to Jordan all of the hickory timber on said lands suitable for certain purposes; that he was to receive for said timber as stumpage 25 per cent of the price of the manufactured products of the timber sold by Jordan, and that the latter has sold to the Pine Bluff Spoke Company all of the manufactured products of the timber so purchased from appellant. The complaint contains a further allegation that the Pine Bluff Spoke Company kenw of the agreement between appellant and Jordan, and that "on numerous occasions during the period stated executed and delivered to this plaintiff their check for the said twenty-five per cent, of the materials so inspected, as stumpage charges." It is alleged in the complaint that there is a balance of $587.06 due on the price of the timber, and there is a prayer for judgment against both of the defendants. The record before us does not show that Jordan appeared, but it does show that appellee, the Pine Bluff Spoke Company, appeared by attorneys and filed a motion to require appellant to make his complaint more definite and certain, which was sustained by the court, and then filed a demurrer to the complaint as amended, which the court sustained. The judgment reads as follows:

"Now on this day comes on to be heard the demurrer of the defendant, the Pine Bluff Spoke Company, to the complaint herein; and the court, being well advised in the premises, doth sustain said demurrer as to The Pine Bluff Spoke Company. Plaintiff declining to plead further, it is ordered that the complaint be dismissed, and that the defendant, the Pine Bluff Spoke Company, have and recover from the plaintiff all its costs herein expended. Plaintiff excepts and prays an appeal to the Supreme Court, which is granted by the court and noted of record."

After the transcript was lodged in this court the circuit court made an order correcting its record so as to affirmatively show that the cause was not dismissed as to defendant Jordan, and ordered the cause redocketed against Jordan, and directed the issuance of process for service upon Jordan. It is clear, we think, from the lan-

guage of the first entry of the judgment that the cause was dismissed only as to appellee, the Pine Bluff Spoke Company.    The other defendant did not appeal at all, and the demurrer did not call for a ruling of the court as to Jordan, the other defendant.    The correction by the court, however, makes this plainer ,and from the record, as is now appears, the cause is still pending against Jordan.

The only question, therefore, presented on this appeal relates to the correctness of the court's ruling in holding that no cause of action is stated in the complaint against the Pine Bluff Spoke Company.    We think the ruling of the court on this point is correct.    The complaint contains no statement of facts which shows any privity of contract between appellant and Jordan, except as vendor and vendee, nor any statement of facts to constitute privity of contract between Jordan and appellee, except that of vendor and vendee.    All that the complaint shows is that appellant sold the timber to Jordan and that Jordan resold it to appellee.    This statement of facts does not give a right of action to appellant against appellees for the unpaid balance on the price of the timber thus sold to Jordan by appellant and resold by the former to appellee.    Nor does the fact that appellee made payments to appellant on the purchase price render the former liable for the unpaid balance.    In the absence of an express allegation to the contrary, the presumption is that appellee made the payments for Jordan and not as an assumption of Jordan's contract to pay.    There is no theory upon which there can be extracted from the language of the complaint a cause of action in favor of appellant against appellee.

The judgment is therefore affirmed.